UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE


CIVIL ACTION NO. 09-25-GWU


JIMMY D. STURGILL,                                              PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                   DEFENDANT.


## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI).  The appeal is currently before the court on cross-motions

for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.    Is the claimant currently engaged in substantial gainful activity?
      If so, the claimant is not disabled and the claim is denied.

2.    If the claimant is not currently engaged in substantial gainful
      activity, does he have any "severe" impairment or combination
      of impairments--i.e., any impairments significantly limiting his
      physical or mental ability to do basic work activities?  If not, a
      finding of non-disability is made and the claim is denied.

3.    The third step requires the Commissioner to determine
      whether the claimant's severe impairment(s) or combination of
      impairments meets or equals in severity an impairment listed

1

09-25  Jimmy D. Sturgill

in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.    At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.    If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician

2

09-25  Jimmy D. Sturgill

than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

09-25  Jimmy D. Sturgill

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.

4

09-25  Jimmy D. Sturgill

Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having

5

the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

09-25  Jimmy D. Sturgill

## DISCUSSION

The plaintiff, Jimmy D. Sturgill, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of obesity, chronic obstructive pulmonary disease, and bilateral hearing loss.  (Tr. 15).  Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Sturgill retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits.  (Tr. 18-21).  The Appeals Council declined to review, and this action followed.

The plaintiff alleges on appeal that the ALJ failed to give proper weight to the opinions of his treating physicians.  One of the treating sources, Dr. Dennis Sandlin, indicated that the plaintiff was "pretty dysfunctional" due to a combination of problems and stated that it "doesn't look like he is able to work in his present condition."  (Tr. 241). Because applicable regulations and Sixth Circuit precedent were not followed in discounting this opinion, a remand will be necessary for further consideration.

In following the five-step procedure set out in 20 C.F.R. § 404.1520(a) to determine whether Mr. Sturgill was disabled, the ALJ briefly noted that Dr. Sandlin diagnosed obstructive sleep apnea and recommended a sleep study, which the plaintiff failed to obtain.  (Tr. 16).[1]  The ALJ stated that, in reaching his conclusion

---

[1]The plaintiff testified that he was unable to afford a sleep study (Tr. 296), and Dr. Sandlin's office notes indicate that he could not even afford all of his prescribed

regarding residual functional capacity, he gave "more weight" to the 2006 opinion of a one-time examiner, Dr. K.M. Monderewicz.  (Tr. 19).  Otherwise, the only specific mention of Dr. Sandlin was a brief paragraph in which the ALJ stated that he gave the medical records of the plaintiff's "treating physicians Anil Agarwal, M.D., Walid Saado, M.D., and Dennis Sandlin, M.D. some weight, because of the longitudinal history; but the undersigned note[s], the findings, clinical studies and assessments do not represent a significant worsening of symptoms."  (Id.).

The Sixth Circuit has emphasized that it will not hesitate to remand cases to the agency when it fails to follow its own regulations by not stating "good reasons" for giving diminished or no weight to a treating physician's opinion.  Allen v. Commissioner of Social Security, 573 F.3d 263, 267 (6th Cir. 2009), citing Wilson v. Commissioner of Social Security, 378 F.3d 541, 546-47 (6th Cir. 2004).  20 C.F.R. § 404.1527(d)(2) contains the "good reasons" requirement, and sets out the factors that the ALJ must consider when determining what weight to give a non-controlling opinion by a treating source.  These factors include the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the consistency of the opinion with a record as a whole, the specialization of the treating source, and the supportability of the opinion.  Id.

---

breathing medications (Tr. 268).

09-25  Jimmy D. Sturgill

In the present case, the ALJ did not even mention Dr. Sandlin's opinion, given in 2008, that the plaintiff "doesn't look like he is able to work in his present condition." (Tr. 241). Nor did he mention a subsequent office note in which the physician encouraged his patient to "follow through on disability." (Tr. 240). Although the statements could be discounted for a number of reasons, the ALJ's failure to mention them raises the possibility that they were simply overlooked. See, e.g., Bowen v. Commissioner of Social Security, 478 F.3d 742, 747 (6th Cir. 2007). The ALJ's cryptic comment that he gave "some weight" to the treating physicians does not meet the goal of the regulation of allowing claimants to understand the reasons for the disposition of their cases, which is particularly important where a plaintiff knows that his physician has deemed him disabled. Wilson, 378 F.2d at 544 (citations omitted).

Accordingly, an order and judgment will be entered remanding the case for further proceedings to determine whether the treating physician's opinion should be given controlling weight, and if not, a full explanation for the weight it is given.

This the 10th day of November, 2009.



**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**

9